DOCKET NUMBER 15-12607

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

CHRISTINA BAZEMORE,
On behalf of herself and all others similarly situated,

Plaintiff/Appellee,

v.

JEFFERSON CAPITAL SYSTEMS, LLC,

Defendant/Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
CASE NO.: 3:14-CV-00115-DHB-BKE
(Hon. Dudley H. Bowen, Jr.)

_____

**BRIEF OF APPELLEE CHRISTINA BAZEMORE**

_____

David E. Hudson
Christopher A. Cosper
George G. Robertson
Hull Barrett, PC
P.O. Box 1564
Augusta, GA 30903
(706) 722-4481
ATTORNEYS FOR PLAINTIFF-APPELLEE

DOCKET NUMBER 15-12607

*Bazemore v. Jefferson Capital Systems, LLC*

## CERTIFICATE OF INTRERESTED PERSONS

Pursuant to 11th Circuit Rule 26.1-1, Appellee, Christina Bazemore, hereby

identifies the following interested persons and entities:

Bazemore, Christina, Appellee

Bowen, Dudley H., United States District Court Judge

Catanese, Paul J., Counsel for Appellant

CL Holdings, LLC

Cosper, Christopher A., Counsel for Appellee

Delnero, Daniel Lee, Counsel for Appellant

Epps, Brian K., United States Magistrate Judge

Fassbender, Wendi, Counsel for Appellant

Hartsell, David L., Counsel for Appellant

Hudson, David E., Counsel for Appellee

Hull Barrett, P.C.

Jefferson Capital Systems, LLC, Appellant

McGuire Woods, LLP

Robertson, George G., Counsel for Appellee

Sessions, Fishman, Nathan, and Israel, LLC

Shartle, Bryan C., Counsel for Appellant

C-1

DOCKET NUMBER 15-12607

*Bazemore v. Jefferson Capital Systems, LLC*

/s/ Christopher A. Cosper

Christopher A. Cosper

*Attorney for Plaintiff/Appellee*

*Christina Bazemore*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

The Appellee, Christina Bazemore, requests oral argument to argue her position in this appeal because this case involves when, and if, an arbitration provision can shield a debt-buyer in the business of collecting time-barred credit card debt from accountability in a court of law. Appellee is willing to provide the Court with a supplemental brief, if requested, in order to assist the Court in resolving any issues.

# TABLE OF CONTENTS

**STATEMENT REGARDING ORAL ARGUMENT** i

**TABLE OF CONTENTS** ii

**TABLE OF CITATIONS** iv

**TABLE OF RECORD REFERENCES IN THE BRIEF** ix

**STATEMENT OF JURISDICTION** xi

**STATEMENT OF THE ISSUES** 1

**STATEMENT OF THE CASE** 1

    **A.**    **PROCEEDINGS BELOW** 1

    **B.**    **STATEMENT OF FACTS** 2

**SUMMARY OF THE ARGUMENT** 9

**ARGUMENT AND CITATION TO AUTHORITY** 10

I.      Judge Bowen Did Not Err in Applying the "Wholly Groundless" Exception to the Delegation Clause in the Arbitration Provision.                                    10

     1.      The "Wholly Groundless" Exception is a Well-Accepted Principle of Law.                              12

     2.      The Parties Did Not Agree to Arbitrate Gateway Issues of Arbitrability Because Ms. Bazemore Never Agreed to the Arbitration Provision Contained Within the Privacy Policy.                                               13

     3.      Appellant's Claims of Arbitrability are "Wholly Groundless" Under the *Qualcomm* Test and Should Not Be Subject to Arbitration.      17

II.     This Court Should Affirm the District Court's Order Based Upon Other Grounds Asserted in the District Court                                              22

     1.      The Arbitration Clause is Unconscionable.                                       23

     2.      Appellant's Gateway Claims of Arbitrability are Moot.                           26

CONCLUSION                                                   27

iii

## <u>TABLE OF CITATIONS</u>

**A.    UNITED STATES SUPREME COURT CASES**

<u>AT&T Techs. v. Communs. Workers of Am.</u>, 475 U.S. 643

(1986)…………………………………………………...……10, 14

<u>Fin. Printing Div. v. NLRB</u>, 501 U.S. 190 (1991)………………...…. 19

<u>Jaffke v. Dunham</u>, 352 U.S. 282 (1957)…………………………….... 22

<u>Mastrobuono v. Shearson Lehman Hutton, Inc.</u>, 514 U.S. 52

(1995)…………………………………………………………... 14

<u>Perry v. Thomas</u>, 482 U.S. 483 (1987)…………………………...…. 14

<u>Rent-A-Center, W., Inc. v. Jackson</u>, 561 U.S. 63 (2010)……. …....10, 13

<u>Steelworkers v. Warrior & Gulf Co.</u>, 363 U.S. 574 (1960)……...…... 17

**B.    CIRCUIT COURT CASES**

*<u>Agere Sys. v. Samsung Elecs. Co.</u>, 560 F.3d 337

(5th Cir. 2009) ……………………………………...….. 11, 12, 21

<u>Arthur v. Thomas</u>, 674 F.3d 1257

(11th Cir. 2012)…………………………………………..…. 22

<u>Bhd. Of Locomotive Eng'rs & Trainmen Gen. Comm. Of Adjustment</u>

<u>CSX Transp. N. Lines v. CSX Transp., Inc.</u>, 522 F.3d 1190

(11th Cir. 2008)……………………………………….…... 22

<u>Booth v. Home Publishing, Inc.</u>, 902 F.2d 925

iv

(11th Cir. 1990)…………………………………………………... 26

Brown v. Card Serv. Ctr.., 464 F.3d 450

(3d Cir. 2006)………………………………………….….…... 7

Caley v. Gulfstream Aero. Corp., 428 F.3d 1359

(11th Cir. 2005)……………………………………..……... 14

Chastain v. Robinson-Humphrey Co., 957 F.2d 851

(11th Cir. 1992)…………………………………………..….. 16

Crawford v. LVNV Fund, LLC, 758 F.3d 1254

(11th Cir. 2014)……………………………………………….. 7, 8

Dean Witter Reynolds, Inc. v. McCoy, 995 F.2d 649

(6th Cir. 1993)………………………………………………... 19

*Douglas v. Regions Bank, 757 F.3d 460

(5th Cir. 2014) …………………………………..11, 12, 17, 18, 21

Frey v. Gangwish, 970 F.2d 1516

(6th Cir. 1992) …………………………………………………7

InterDigital Commnc'ns, LLC v. Int'l Trade Comm'n, 718 F.3d 1336

(Fed. Cir. 2013) ……………………………………………..12, 13

Klay v. Pacificare Health Sys., Inc., 389 F.2d 119

(11th Cir. 2004)…………………………………………..14, 19

Lucas v. W. W. Grainger, Inc., 257 F.3d 1249

(11th Cir. 2001)……………………………………………...…..22

National Iranian Oil Co. v. Mapco, Int'l, Inc., 983 F.2d 485

    (3d Cir. 1992)……………………………………………………19

*Qualcomm, Inc. v. Nokia Corp., 466 F.3d 1366

    (Fed. Cir. 2006) …………………………………………10, 12, 16

Road Sprinkler Fitters Local Union No. 669 v. Independent Sprinkler

    Corp., 10 F.3d 1563 (11th Cir. 1994)……………………….......17

Wheat First Sec., Inc. v. Green, 993 F.2d 814

    (11th Cir. 1993)…………………………………………………16

## C.    DISTRICT COURT CASES

ASUS Computer Int'l v. InterDigital, Inc., 2015 U.S. Dist. LEXIS

    118794 (N. D. Cal. Aug. 25, 2015)……………………………  ..13

Clyde Bergemann, Inc. v. Sullivan, Higgins & Brion, PPE LLC,

    2008 U.S. Dist. LEXIS 40371 (D. Or. May 14, 2008)………….13

Ellsworth v. United States Bank, N.A., 2014 U.S. Dist. LEXIS

    134252 (N.D. Cal. Sept. 19, 2012) ……………………………  ..13

Federal Trade Commission v. CompuCredit Corp. and Jefferson Capital

    Systems, LLC, Civil Action No. 1:08-cv-1976-BBM-RGV

    (N.D. Ga. 2008)...........................................................................4, 5

Henggeler v. Brumbaugh & Quandahl, P.C., 894 F. Supp. 2d 1180

(D. Neb. 2012)…………..……………………………………3, 21

In re Bazemore, Civil Action No. 13-30476-EJC

(Bankr. S.D. Ga.)…………………………………………….........6

Krutchik v. Chase Bank USA, N.A., 531 F. Supp. 2d 1359

(S.D. Fla. 2008)………………………………………………….15

Matson Terminals, Inc. v. Ins. Co. of N. Am., 2014 U.S. Dist. LEXIS

37784 (N.D. Cal. Mar. 21, 2014) ………………………………13

Meskill v. GGNSC Stillwater Greeley, LLC, 862 F. Supp. 2d

(D. Minn. 2012)……………………………………………………25

Paduano v. Express Scripts, Inc., 55 F. Supp. 3d 400

(E.D.N.Y. 2014) ………………………………………………...13

Private Jet Servs. Grp. V. Marquette Univ., 2015 U.S. Dist. LEXIS

62100 (D.N.H. May 12, 2015)..………………………………13

Gibraltar Sec. Co. v. Bitter, 1997 U.S. Dist. LEXIS 18681

(M.D. Fla. Oct. 24, 1997)………………………………………..19

**D.    STATE COURT CASES**

Clark v. Schwartz, 210 Ga. App. 678 (1993)…………………………14

NEC Techs. v. Nelson, 267 Ga. 390 (1996)………………………23–24

TranSouth Fin. Corp. v. Rooks, 269 Ga. App. 321 (2004)………..14, 16

**E.    FEDERAL STATUTES**

28 U.S.C. § 1291 ……………………………………………………....xi

9 U.S.C. § 16 ……………………………………………………....xi

9 U.S.C. § 1 *et seq.*…………………………………………………..xi

9 U.S.C. § 10 ..........…………………………………………………....27

9 U.S.C. § 11 ..........…………………………………………………....27

15 U.S.C. § 1692 *et seq.*…………………………………………………...1

15 U.S.C. § 1692 ..........…………………………………………………....6, 7

15 U.S.C. § 1692e ..........…………………………………………………..7

15 U.S.C. § 1692f ..........…………………………………………………..7

15 U.S.C. § 1692k ..........…………………………………………….........25

**F.    STATE STATUTES**

O.C.G.A. § 13-3-1 ……………………………………………………..14

O.C.G.A. § 9-3-24………………………………………………………..6

*Authorities chiefly relied upon are marked with an asterisk.

## <u>TABLE OF RECORD REFERENCES IN THE BRIEF</u>

| Record No. | Title | Page(s) |
|---|---|---|
| 10 | Complaint | 1 |
| n/a | Notice of Removal (S.D. Ga. Doc. No. 1) | 2 |
| 44 | Amended Complaint | 2, 6–8 |
| 57 | Answer of Defendant Jefferson Capital | 2 |
| n/a | Motion to Compel Arbitration and Stay Proceedings (S.D. Ga. Doc. No. 17) | 2, 4, 16 |
| 73 | Supporting Exhibits to Defendant's Motion to Compel | 2 |
| 327 | Transcript of Oral Argument | 2 |
| 360 | Order Denying Defendant's Motion to Compel | *passim* |
| 380 | Notice of Appeal | 2 |
| n/a | FDIC Press Release (S.D. Ga. Doc. No. 20) | 4 |
| 115 | *In re First Bank of Deleware* Order FDIC-07-256b | 4 |
| 184 | *In re First Bank of Deleware* Order FDIC-07-257k | 4 |
| 75–108 | Bazemore's Credit Card Account Statements and Privacy Policy | 4, 5, 15 |
| 157 | Proof of Claim | 6, 19 |

| Record No. | Title | Page(s) |
|---|:---:|---:|
| n/a | Initial Brief of Appellant | *passim* |

## <u>STATEMENT OF JURISDICTION</u>

This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291 and 9 U.S.C. § 16 as the Defendant/Appellant has appealed a final order of the District Court denying a motion to compel arbitration and stay proceedings under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*

## STATEMENT OF THE ISSUES

1.    Whether this Court should affirm the District Court's application of the "wholly groundless" exception to Appellee's Fair Debt Collection Practices Act ("FDCPA") claims that Appellant illegally filed proofs of claims for time-barred fee-harvesting credit card debt when the purported credit card agreement included an arbitration provision and a delegation clause.

2.    Whether this Court should affirm the District Court's ruling because Appellee never agreed to the arbitration clause, the arbitration clause is unconscionable, and the District Court already determined the issues of arbitrability.

## STATEMENT OF THE CASE

### A.    PROCEEDINGS BELOW

On September 2, 2014, the Appellee Christina Bazemore (hereinafter "Ms. Bazemore") filed a putative class action in the Superior Court of Laurens County, Georgia, against Jefferson Capital Services, LLC, (hereinafter "Jefferson Capital," "Defendant," or "Appellant") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. (Complaint, R. 10).  Ms. Bazemore's Complaint seeks monetary damages as well as injunctive relief resulting from attempts by Appellant to collect stale debts by filing time-barred proofs of claims in bankruptcy proceedings.  (*Id*.).  Appellant timely removed the case to the United

States District Court for the Southern District of Georgia, Dublin Division, on October 13, 2014.  (Civil Action No. 3:14-cv-00115, Doc. No. 1).

On November 11, 2014, Ms. Bazemore filed an amended complaint in the District Court.  (Amended Complaint, R. 44).  Appellant filed its answer to the Amended Complaint on November 25, 2014.  (Answer, R. 57).  On January 8, 2015, Appellant filed a Motion to Compel Arbitration and Stay Proceedings with supporting exhibits.  (Civil Action No. 3:14-cv-00115, Doc. No. 17; R. 73–114).  Ms. Bazemore filed her response and supporting exhibits on January 22, 2015.  (Civil Action No. 3:14-cv-00115, Doc. No. 20; R. 115–248).  The District Court held oral argument on February 24, 2015.  (Transcript of Oral Argument, R. 327–359).

On May 11, 2015, Judge Dudley H. Bowen, Jr. entered an Order denying Defendant's Motion to Compel Arbitration and Stay Proceedings.  (Order Denying Motion to Compel Arbitration, R. 360–379).  This appeal followed.  (Notice of Appeal, R. 380–382).

## B.    STATEMENT OF FACTS

This case provides a peek into the underworld of credit cards and debt collection.  Debt buyers purchase "consumer debts that have been written off by the original creditor, generally acquiring the debts for a fraction of the balance, and then attempting to collect the entire debt. (Cit.) Because a debt-buyer has no

2

ongoing relationship with the consumer and no incentive to create goodwill, a case involving a debt buyer, as opposed to the entity that actually extended credit to the consumer, raises different concerns." *Henggeler v. Brumbaugh & Quandahl, P.C.*, 894 F. Supp. 2d 1180, 1183 (D. Neb. 2012).

Here, even the original credit card issuer had no care for the consumers with whom it dealt. This case involves an Imagine credit card, which has been aptly described in the industry as a "fee harvester" card. CompuCredit Corporation, Jefferson Capital, and First Bank of Delaware were sanctioned by the Federal Deposit Insurance Corporation (FDIC) in 2008, following a two-year joint investigation by the FDIC and Federal Trade Commission (FTC). The sanctions were based upon the bogus credit cards and predatory lending practices of these companies, as are demonstrated in this case.

> The enforcement actions against CompuCredit, First Bank of Delaware and First Bank & Trust are in connection with CompuCredit's credit card solicitations for three general categories of Visa and MasterCard branded credit card products. The first is a fee-based credit card that was marketed to consumers with low credit scores. The FDIC alleges that the solicitations failed to adequately disclose significant upfront fees and misrepresented the consumer's initial available credit. <u>The solicitations appeared to offer credit cards with a $300 credit limit; however, consumers were immediately charged as much as $185 in inadequately disclosed fees, leaving them with as little as $115 in available credit</u>.

3

*See Press Release, FDIC Seeks in Excess of $200 Million Against Credit Card Company and Two Banks for Deceptive Credit Card Marketing* https://www.fdic.gov/news/news/press/2008/pr08047.html (Civil Action No. 3:14-cv-00115, Doc. No. 20 at 2); s*ee also In re First Bank of Delaware*, et al, FDIC-07-256b and FDIC-07-257k (Orders dated 6/10/08 and 10/9/08, R. 115–154, 184–248); *Federal Trade Commission v. CompuCredit Corp. and Jefferson Capital Systems, LLC*, Civil No. 1:08-CV-1976-BBM-RGV (N.D. Ga. 2008) (R. 160–183).

Despite this clear history of illegal conduct, Appellant asserted in its motion to compel arbitration that **Ms. Bazemore "ran up $1,153.18 of debt on her Imagine Mastercard credit card and failed to pay."** (Civil Action No. 3:14-cv-00115, Doc. No. 17 at 1; emphasis added).   This is a blatant false assertion. Appellant's affidavit in support of its motion to compel states that Ms. Bazemore signed up for a credit card online on November 18, 2005, with a credit limit of $300.  (R. 75 ¶ 6).  The account was immediately charged a $150 enrollment fee on November 21, 2005, using up half of the credit limit, but notice of that fact was not sent until a monthly statement was mailed on December 16, 2005.  (R. 84–85). Meanwhile, $148.03 was purportedly charged to the card over a two-week period ending on December 10, 2005.  (R. 86–87).  On December 22, 2006, the account was charged a $9.95 account maintenance fee that caused the $300 credit limit to be exceeded.  (R. 88–89).  In the third statement, the account was charged $135 in

4

fees based on exceeding the credit limit. (*Id*.). The fourth statement shows one final use of the card for a $98.94 purchase, and a payment of $214 on the account. (R. 91). No additional use of the worthless "credit card" was made, but one additional payment was made by Ms. Bazemore in the amount of $80 on October 5, 2006. (R. 100).

In total, the statements show charges of $247.01 and payments of $314. (R. 108). Hence, no one "ran up any charges" on this bogus credit card. In fact, the statements show a net profit of $66.99 to the card issuer, which is a return of 27% on the loaned amount. The entire $1,153.18 balance purportedly owed on the account is made up of bogus fees, giving rise to the FDIC investigation and sanctions noted above. Notably absent from all of the account statements is any designation of the identity of the bank or party issuing the card. (R. 108). <u>After</u> charging fees to use up at least one half of the purported credit line, Appellant claims to have sent Appellee a welcome packet which included an arbitration clause. (Appellant's Brief at 5).

The credit card account proffered by the Appellant could not be more underhanded and unfair to the cardholder. As a result, Compucredit and Appellant Jefferson Capital entered into a consent Cease and Desist Order with the FDIC on December 19, 2008, in which they agreed to refund or credit $100 million worth of such unlawful fees. *See  Federal Trade Commission v. CompuCredit Corp. and*

*Jefferson Capital Systems, LLC*, Civil No. 1:08-CV-1976-BBM-RGV (N.D. Ga. 2008) (R. 160–183).  Ms. Bazemore did not receive any such restitution or credit.

Jefferson Capital is a wholly-owned subsidiary of CompuCredit and was subject to the sanctions imposed on Compucredit and First Bank of Delaware.  (R. 160–183).  Ms. Bazemore filed for Chapter 13 bankruptcy protection in the United States Bankruptcy Court for the Southern District of Georgia.  *See In re Bazemore*, Civil Action No. 13-30476-EJC (Bankr. S.D. Ga.).  On January 11, 2014, Jefferson Capital filed a proof of claim for the underlying credit card debt in Ms. Bazemore's Chapter 13 proceeding.  (Proof of Claim, R. 157–159).  The proof of claim alleges a debt owed to the Appellant of **$1,153.18** on a credit card debt that was incurred on November 18, 2005—with the last payment date being October 5, 2006.  (*Id.*). The debt asserted against Ms. Bazemore by Jefferson Capital was thus time-barred at least by October 5, 2012.  (Amended Complaint, R. 47 ¶ 20); O.C.G.A. § 9-3-24 (six year statute of limitation).  Not aware of Appellant's underhanded scheme, neither the bankruptcy trustee nor Ms. Bazemore objected to the claim.  (Amended Complaint, R. 47 ¶¶ 21-22).  Jefferson Capital is now due to be paid monies from the Chapter 13 estate for this time-barred debt. (*Id.*).

Congress passed the FDCPA in order to stop "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a); (Amended Complaint, R. 45 ¶ 9).  The FDCPA regulates the conduct of

6

*professional debt-collectors*, whom the statute defines as any person who "regularly collects . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); (Amended Complaint, R. 45 ¶ 10). The FDCPA is an "extraordinarily broad statute" enacted to resolve a "widespread problem" and to supplement "[e]xisting laws and procedures for redressing these injuries," and it must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992); *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) ("Because the FDCPA is a remedial statute, . . . we construe its language broadly, so as to effect its purpose."); 15 U.S.C. § 1692(b) (explaining that the FDCPA was required because "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.").

Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id*. § 1692f; (Amended Complaint, R. 46 ¶ 12). Federal courts, and especially this Circuit, have uniformly held that a debt collector's (1) threatening to sue on a time-barred debt and/or (2) filing a time-barred suit in state court to recover that debt violates 15 U.S.C. §§ 1692e and 1692f. *Crawford v. LVNV Funding, LLC,* 758 F.3d 1254, 1259 (11th Cir. 2014). The Eleventh Circuit

holds that the FDCPA similarly prohibits the filing of proofs of claim on time-barred debts because such collection efforts are "unfair, unconscionable, deceiving, or misleading towards the least-sophisticated consumer." *Id.*

Appellant is responsible in part for the "deluge [that] has swept through U.S. bankruptcy courts of late. Consumer debt buyers—armed with hundreds of delinquent accounts purchased from creditors—are filing proofs of claim on debts deemed unenforceable under state statutes of limitations." *Id*. at 1256. Appellant violated the FDCPA by filing a proof of claim for a time-barred debt against Appellee Christina Bazemore in her Chapter 13 proceeding and against other similarly situated persons. As a result of the filing of the proof of claim for time-barred debt, Ms. Bazemore filed this consumer class action on behalf of individuals subjected to Jefferson Capital's violations of the FDCPA. (Amended Complaint, R. 45 ¶ 1). Ms. Bazemore alleges Jefferson Capital has a "general practice of filing time-barred proofs of claim in bankruptcy courts against debtors on time-barred debts." (Amended Complaint, R. 48 ¶ 27, 50 ¶ 38).

Jefferson Capital attempts to enforce an unconscionable arbitration provision which Ms. Bazemore did not read and to which she did not agree. Jefferson Capital strives to prevent the putative class action lawsuit filed on behalf of least-sophisticated consumers in whose bankruptcy proceedings it has filed time-barred proofs of claims in violation of the FDCPA and *Crawford v. LVNV Funding, LLC*,

758 F.3d 1254 (11th Cir. 2014).

In his Order, Judge Bowen held that Ms. Bazemore's FDCPA claims "might seem to fall within the delegation clause." (*See* Order Denying Motion to Compel Arbitration, R. 374). But, Judge Bowen ultimately held that Appellant's arguments as to the arbitrability of the Appellee's FDCPA claims are "wholly groundless" under the *Qualcomm* test (described and cited *infra*) and should not be subject to arbitration. (*See* Order Denying Motion to Compel Arbitration, R. 374–379). Appellant disputes the applicability of the "wholly groundless" exception. Appellant's arguments, however, are flawed for the reasons provided herein.

## SUMMARY OF THE ARGUMENT

Judge Bowen did not err in applying the "wholly groundless' exception to the delegation clause of the arbitration provision to Ms. Bazemore's FDCPA claims. First, the "wholly groundless" exception is a principle of law accepted by two circuit courts of appeals, as well as district courts in other circuits. Second, the parties did not agree to arbitrate the gateway issues of arbitrability because there is no evidence that Ms. Bazemore agreed to the arbitration provision at all. Third, notwithstanding the fact that Ms. Bazemore did not read, and did not agree to the arbitration provision, Appellant's claims of arbitrability are "wholly groundless" as there is no plausible argument that the dispute is covered by the agreement.

In the event that this Court does not find Judge Bowen's reasoning

9

persuasive, this Court should affirm the District Court's ruling under the "right for any reason" doctrine for the following reasons: (1) the arbitration clause is unconscionable, and (2) Appellant's gateway claims of arbitrability are moot.

The Court should affirm the District Court's ruling and deny Jefferson Capital's Motion to Compel Arbitration and Stay Proceedings.

## ARGUMENT AND CITATION TO AUTHORITY

### I.  JUDGE BOWEN DID NOT ERR IN APPLYING THE "WHOLLY GROUNDLESS" EXCEPTION TO THE DELEGATION CLAUSE OF THE ARBITRATION PROVISION.

The threshold issue of arbitrability is generally decided by the court unless otherwise agreed upon by the parties.  *AT&T Techs. v. Communs. Workers of Am.*, 475 U.S. 643, 649 (1986).  In *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63 (2010), the United States Supreme Court held that parties can agree to arbitrate "'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy" through a delegation clause.  *Id.* at 68–69.  As the District Court noted in this case, the contention that the FDCPA claims are not within scope of the arbitration clause "would seem fall within the delegation clause of the arbitration clause."  (Order Denying Motion to Compel Arbitration, R. 375).  However, the District Court applied the "wholly groundless" exception—originated by the Federal Circuit and adopted by the Fifth Circuit.  This exception provides that when gateway issues are

arbitrable under a delegation clause, gateway claims that are "wholly groundless" should not be subject to arbitration. (Order Denying Motion to Compel Arbitration, R. 375); *Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366 (Fed. Cir. 2006); *Agere Sys. v. Samsung Elecs. Co.*, 560 F.3d 337 (5th Cir. 2009); *Douglas v. Regions Bank*, 757 F.3d 460 (5th Cir. 2014).

In applying the "wholly groundless" exception, the Fifth Circuit has noted that all gateway claims do not have to be determined by an arbitrator merely because there is a delegation provision in the contract between the parties. *Douglas*, 757 F.3d at 463. In determining whether a district court should have the primary power to decide arbitrability under the parties' agreement (as opposed to an arbitrator), the Federal Circuit has explained the two-part inquiry to be made as follows:

> [1] If the court concludes that the parties did not clearly and unmistakably intend to delegate arbitrability decisions to an arbitrator, the general rule that the "question of arbitrability . . . is . . . for judicial determination" applies and the court should undertake a full arbitrability inquiry in order to be "satisfied" that the issue involved is referable to arbitration. If, however, the court concludes that the parties to the agreement did clearly and unmistakably intend to delegate the power to decide arbitrability to an arbitrator, then the court should perform a second, more limited inquiry to determine whether the assertion of arbitrability is "wholly groundless."

> [2]If the court finds that the assertion of arbitrability is not "wholly groundless," then it should stay the trial of the action pending a ruling on arbitrability by an arbitrator. If the district court finds that the assertion of arbitrability is "wholly groundless," then it may conclude that it is not "satisfied" under section 3 [of the FAA], and deny the moving party's request for a stay.

*Qualcomm*, 466 F.3d at 1371 (internal citations omitted); (Order Denying Motion to Compel Arbitration, R. 375–376). An assertion of arbitrability is "wholly groundless" unless there is at least "plausible arguments that the dispute [is] covered by the agreement as well as plausible arguments that it [is] not." *Douglas*, 757 F.3d at 463 (citing *Agere Sys.*, 560 F.3d at 340). And, the "wholly groundless" inquiry "necessarily requires the courts to examine and, to a limited extent, construe the underlying agreement." *InterDigital Commc'ns, LLC v. Int'l Trade Comm'n*, 718 F.3d 1336, 1346–1347 (Fed. Cir. 2013), vacated on other grounds, ___ U.S. ____, 134 S. Ct. 1876 (2014).

### 1. The "Wholly Groundless" Exception is a Well-Accepted Principle of Law.

In its brief, Appellant contends that "[c]ontrary to the District Court's ruling, there is no 'wholly groundless' exception to a valid and enforceable delegation clause in an arbitration agreement." (Appellant's Brief at 7). Appellant went on to say that "such an exception is contrary to controlling precedent." (Appellant's Brief at 11). In making these sweeping and incorrect statements, Appellant ignores

the fact that *Rent-A-Center, W., Inc. v. Jackson*—the Supreme Court case upon which Appellant chiefly relies—was decided in 2010. *Douglas v. Regions Bank* was decided by the Fifth Circuit in 2014, and *Interdigital Communs., LLC v. ITC* was decided by the Federal Circuit in 2013. Appellant's argument presumes that the Fifth and Federal Circuit Courts of Appeals did not take *Rent-A-Center* (a United States Supreme Court case) into account when issuing their respective opinions. To assume such is to assert that Appellant somehow understands the law better than two Circuit Courts of Appeals. Moreover, the exception has subsequently been applied by numerous courts in different circuits—some quite recently.[1] For the Appellant to entreat this Court to conveniently ignore the existence of the "wholly groundless" exception to a delegation clause is a misguided proposition that should be rejected by this Court.

>    **2.    The Parties Did Not Agree to Arbitrate Gateway Issues of Arbitrability Because Ms. Bazemore Never Agreed to the Arbitration Provision Contained Within the Privacy Policy.**

Arbitration is a matter of contract law, and the pro-arbitration policy of the

---

[1]    *See,.e.g., ASUS Computer Int'l v. InterDigital, Inc.*, 2015 U.S. Dist. LEXIS 118794 at *20 (N.D. Cal. Aug. 25, 2015); *Interdigital Communs., LLC v. ITC*, 718 F.3d 1336, 1346-47 (Fed. Cir. 2013), vacated on other grounds, ___ U.S. ____, 134 S. Ct. 1876 (2014); *Matson Terminals, Inc. v. Ins. Co. of N. Am.*, 2014 U.S. Dist. LEXIS 37784 at *12 (N.D. Cal. Mar. 21, 2014); *Ellsworth v. United States Bank, N.A.*, 2012 U.S. Dist. LEXIS 134252 at *21 (N.D. Cal. Sept. 19, 2012); *Paduano v. Express Scripts, Inc.*, 55 F. Supp. 3d 400 (E.D.N.Y. 2014); *Clyde Bergemann, Inc. v. Sullivan, Higgins & Brion, PPE LLC*, 2008 U.S. Dist. LEXIS 40371 (D. Or. May 14, 2008); *Private Jet Servs. Grp. v. Marquette Univ.*, 2015 U.S. Dist. LEXIS 62100 (D.N.H. 2015).

FAA "only applies to disputes that the parties have agreed to arbitrate." *Klay v. Pacificare Health Sys., Inc.*, 389 F.2d 119, 1200 (11th Cir. 2004) (citing *Mastrobuono v. Shearson Lehman Hutton, Inc*., 514 U.S. 52, 57 (1995)). In the absence of an agreement to arbitrate, a court cannot compel the parties to settle their dispute in an arbitral forum. *Id.* (citing *AT&T Techs.*, 475 U.S. at 648). State contract law generally governs whether an enforceable contract or agreement to arbitrate exists. *Caley v. Gulfstream Aero. Corp*., 428 F.3d 1359, 1368 (11th Cir. 2005) (citing *Perry v. Thomas*, 482 U.S. 483, 492 (1987)). "Thus, in determining whether a binding agreement arose between the parties, courts apply the contract law of the particular state that governs the formation of contracts." *Id.*

In Georgia, "[t]o constitute a valid contract, there must be parties able to contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." O.C.G.A. § 13-3-1. "Unless and until there is a meeting of the minds as to all essential terms, a contract is not complete and enforceable." *Clark v. Schwartz*, 210 Ga. App. 678, 679 (1993). The burden of proving the existence of an enforceable contract is on the party attempting to enforce the contract. *TranSouth Fin. Corp. v. Rooks,* 269 Ga. App. 321, 324 (2004). A contract does not exist until each essential term is agreed upon by the parties, and the contract cannot be enforced if one of the essential elements is lacking. *Id*. Whether Ms. Bazemore agreed to the credit card agreement contained

14

in the Welcome Kit is a question for the court.  *Krutchik v. Chase Bank USA, N.A.,*
531 F.Supp.2d 1359 (S.D. Fla. 2008).

Ms. Bazemore did not agree to the arbitration provision found in the
Account Agreement and Privacy Policy provided to the Court.  She never signed
the document.  In fact, Appellant's affidavit states that Ms. Bazemore signed up for
the credit card on November 18, 2005, with a credit limit of $300.  (R. 75 ¶ 6, 86).
She was immediately charged a $150 enrollment fee, using up half of her credit
limit. The Appellant's affidavit states that "approximately ten days after" the
account was opened and Ms. Bazemore was charged money, a Welcome Kit
containing the Privacy Policy and its incorporated arbitration provision "would
have been sent to Plaintiff."  (R. 75).  "A form of the" Privacy Policy and
embedded arbitration terms is supplied with no sworn representation that it is the
same form that was sent to Ms. Bazemore.  (R. 76).  Appellant has provided no
evidence that (1) Ms. Bazemore received the Welcome Kit at all, (2) when she
received the Welcome Kit, (3) that she read the Welcome Kit, (4) that she was
given a notice that the Welcome Kit contained important contract provisions, or (5)
that she agreed to the terms in the Welcome Kit.  Appellant did not suggest that
Ms. Bazemore signed the arbitration provision or agreed to it in any other way or
that the Welcome Kit was sent to her simultaneously with the credit card.  In its
motion to compel, Appellant suggested that Ms. Bazemore "applied for the

15

Imagine Mastercard over the Internet," but it did not provide any of the content that was displayed for her on the Internet at the time she applied. (*See* Civil Action No. 3:14-cv-00115, Doc No. 17).

Ms. Bazemore should have at least had the opportunity to examine a contract and its arbitration provision before being bound to its terms and charged unlawful fees. A person cannot agree to contract terms that are not presented to her, and Ms. Bazemore should not be required to submit to an arbitration provision to which she did not assent. "If a party has not signed an agreement containing arbitration language, such a party may not have agreed to submit grievances to arbitration at all." *Wheat First Sec., Inc. v. Green*, 993 F.2d 814, 818 (11th Cir. 1993) (citing *Chastain v. Robinson-Humphrey Co*., 957 F.2d 851, 854 (11th Cir. 1992)). "If the court concludes that the parties did not clearly and unmistakably intend to delegate arbitrability decisions to an arbitrator, the general rule that the 'question of arbitrability . . . is . . . for judicial determination' applies and the court should undertake a full arbitrability inquiry in order to be 'satisfied' that the issue involved is referable to arbitration.'" *Qualcomm*, 466 F.3d at 1371 (emphasis added); (Order Denying Motion to Compel Arbitration, R. 375–376). "Since no evidence shows that the parties executed the entire document and no evidence shows that the parties agreed to all essential terms in the proposed [Privacy Policy], it is not an enforceable contract." *TranSouth*, 269 Ga. App. at 324

16

(finding that none of the terms of an unsigned document are enforceable, including the arbitration provision).    Therefore, Ms. Bazemore did not "clearly and unmistakably intend to delegate arbitrability decisions to an arbitrator," as required by the *Qualcomm* test, and this Court should affirm the denial of Appellant's motion to compel arbitration and remand the case to the United State District Court for the Southern District of Georgia.[2]

### 3.    Appellant's Claims of Arbitrability are "Wholly Groundless" Under the *Qualcomm* Test and Should Not be Subject to Arbitration.

The *Qualcomm* test "most accurately reflects the law—that what must be arbitrated is a matter of the parties' intent."  *Douglas*, 757 F.3d at 463; (*see* Order Denying Motion to Compel Arbitration, R. 376).  The question is: when a plaintiff "sign[s] the arbitration agreement containing a delegation provision, did she intend to go through the rigmaroles of arbitration just so the arbitrator can tell her in the first instance that her claim has nothing whatsoever to do with her arbitration

---

[2]    Judge Bowen addressed the issue of whether or not Ms. Bazemore ever agreed to the Arbitration Clause in his Order.  (*See* Order Denying Defendant's Motion to Compel, R. 372–373).  Interestingly, he held that the delegation clause applies to Ms. Bazemore's claim that she did not agree to arbitrate, and this gateway issue should be determined by an arbitrator (R. 373).  However, Ms. Bazemore did not agree to the arbitration agreement because she did not agree to arbitrate *any* issues in the first place.  Ms. Bazemore is not bound by the arbitration clause because she never agreed to it whatsoever.  *See Road Sprinkler Fitters Local Union No. 669 v. Independent Sprinkler Corp.*, 10 F.3d 1563, 1567 (11th Cir. 1994) ("A party cannot be required to submit to arbitration a dispute that it has not agreed to arbitrate.") (citing *Steelworkers v. Warrior & Gulf Co.*, 363 U.S. 574, 582 (1960)).

agreement, and she should now feel free to file in federal court?" *Id.* at 464. Judge Bowen determined the answer to this question to be "no," because Appellant's claim of arbitrability is "wholly groundless" under the *Qualcomm* test. (Order Denying Motion to Compel Arbitration, R. 376).

Appellant contends that its claim of arbitrability is not "wholly groundless" because the "District Court's analysis should have ended after ruling the arbitration agreement included a delegation provision." (Appellant's Brief at 16). "That is circular: the two-part *Qualcomm/Agere* test demands that even if there is a delegation provision (step one), the court must ask whether the averment that the claim falls within the scope of the arbitration provision is "wholly groundless" (step two). Merely restating that there is a delegation provision brings us back to step one." *Douglas*, 757 F.3d at 464. Although Ms. Bazemore vehemently disagrees that the parties agreed to arbitrate any issues—including arbitrability—Appellant's claims of arbitrability are also "wholly groundless" as there is no plausible argument that the dispute is covered by the agreement.

The claims asserted by Ms. Bazemore are well outside the ambit of the arbitration clause and, therefore, this Court should affirm the denial of Jefferson Capital's motion to stay proceedings and compel arbitration. In the Eleventh Circuit, arbitration cannot be compelled for "disputes which arose during time periods in which no effective contract requiring arbitration was governing the

parties." *Klay*, 389 F.2d at 1203.  Any such dispute is outside the scope of the arbitration provision, and arbitration should not be compelled.  *Id.*; *see also Litton Fin. Printing Div. v. NLRB,* 501 U.S. 190, 193–201 (1991) (arbitration cannot be compelled for a grievance which arose after the expiration of the arbitration agreement, even when the parties bargained for a "broad arbitration provision.").  Similarly, arbitration should not be compelled for time-barred claims.  *Gibraltar Sec. Co. v. Bitter,* 1997 U.S. Dist. LEXIS 18681 at *5–6 (M.D. Fla. 1997); *National Iranian Oil Co. v. Mapco Int'l*, Inc., 983 F.2d 485, 492 (3d Cir. 1992); *Dean Witter Reynolds, Inc. v. McCoy*, 995 F.2d 649, 651 (6th Cir. 1993).

Jefferson Capital's proof of claim in Ms. Bazemore's Chapter 13 proceeding represents on its face that the subject debt was incurred on November 18, 2005, and the last payment date was October 5, 2006. (Proof of Claim, R. 157–159).  It cannot be disputed that the debt asserted by Jefferson Capital was time-barred effective October 5, 2012.  Any claims after October 5, 2012, are outside the scope of the arbitration clause and arbitration should not be compelled.  Ms. Bazemore's claims under the FDCPA and for unjust enrichment are wholly independent of any actions taken by either First Bank of Delaware, CompuCredit, or Jefferson Capital between November 18, 2005, and October 5, 2012.   Likewise, her claims are totally separate from any agreements contemplated—even assuming the validity of the documents that may have been in the so-called "Welcome Kit."  It stands to

reason that if Jefferson Capital's claim against Ms. Bazemore is time-barred, so is Jefferson Capital's claim to arbitrate issues—including gateway issues of arbitrability. To hold otherwise would be to suggest the arbitration provision applies forever when the contract itself does not.

Moreover, the arbitration provision contained in the Privacy Policy, assuming its enforceability as a contract, does not purport to apply to a FDCPA claim asserted against a third-party entity for continuous pursuit of a stale debt over seven years after the debt was written off. The arbitration provision does not provide notice to the Appellee that she might be pursued by a third-party stranger for the duration of her life and can only vindicate her federal statutory rights through an arbitration procedure.

Notwithstanding the fact that Ms. Bazemore did not read, and did not agree to the arbitration provision, it is unrealistic and implausible to conclude that she intended to forever bind herself to arbitration of any and all claims that might ever exist between her and the First Bank of Delaware, much less a later third-party buyer of the debt. (Order Denying Defendant's Motion to Compel, R. 376). There is no rational basis to conclude that Ms. Bazemore ceded her federal consumer protection rights under the FDCPA to arbitration, "especially when her FDCPA claims are focused not upon payment, calculation, or non-payment on a debt incurred with the bank but upon *the conduct* of a debt collector ten years

20

afterwards." (Order denying Defendant's Motion to Compel, R. 377; emphasis in original).

The question is whether Appellant has a plausible claim that the dispute is arbitrable. An assertion of arbitrability is "wholly groundless" unless there is at least "plausible arguments that the dispute [is] covered by the agreement as well as plausible arguments that it [is] not." *Douglas*, 757 F.3d at 463 (citing *Agere Sys., Inc.* 560 F.3d at 340). In its brief, Appellant stated that the parties "agreed '[a]ny claim, dispute or controversy . . . will be resolved by binding arbitration,' including claims arising from the 'collection of your Account[.]'" (Appellant's Brief at 13; alteration in original). Appellant argues that the arbitration clause is "is written very broadly to include *all claims*, whether such claims are based upon payment *or* collection of debt." (Appellant's Brief at 16; emphasis in original). But Judge Bowen resolved this issue in his Order, stating

> the Court emphasizes the fact that an FDCPA claim is focused upon the conduct of a debt collector vis-à-vis a consumer, and not the contractual relationship between a lender and a borrower. Thus, the violative conduct in this case, i.e., deceptively filing time-barred proofs of claim, arises from or relates to Bazemore's account tangentially, at best.

(Order Denying Defendant's Motion to Compel, R. 378); *see Henggeler*, 894 F. Supp. 2d 1180 (explaining the vastly different relationship of a debt collector to a debtor).

Furthermore, a claim is not plausible if it is apparent from the face of the claim that it is time-barred. *Arthur v. Thomas*, 674 F.3d 1257, 1269 n.9 (11th Cir. 2012); *Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008)). In accordance with the Order entered by Judge Bowen, Appellant's claims of arbitrability are "wholly groundless" as there is no plausible argument that the dispute is covered by the agreement. Judge Bowen's Order should be affirmed and the gateway issues of arbitrability of Ms. Bazemore's FDCPA claims must, therefore, be determined by the District Court.

## II.    THIS COURT SHOULD AFFIRM THE DISTRICT COURT'S ORDER BASED UPON OTHER GROUNDS ASSERTED IN THE DISTRICT COURT.

This Court can affirm the decision of a district court on any ground supported by the record, even if it was not previously considered. *See United States v. Ethingor*, 388 Fed. Appx. 858, 859 (11th Cir. 2010) ("We may affirm the district court on any ground supported by the record."). Courts of Appeals routinely apply this "right for any reason" rule when reviewing lower court decisions. *See Lucas v. W.W. Grainger, Inc*., 257 F.3d 1249, 1256 (11th Cir. 2001) ("we may affirm [a district court's] judgment 'on any ground that finds support in the record.' *Jaffke v. Dunham*, 352 U.S. 280, 281, 77 S. Ct. 307, 308, 1 L. Ed. 2d 314 (1957) . . . ."). In the event that this Court does not find Judge Bowen's

reasoning persuasive, his order should still be affirmed because: (1) the arbitration clause is unconscionable, (2) Appellant's gateway claims of arbitrability are moot, and (3) there is an absence of clear and unmistakable intent by Bazemore to arbitrate, as explained in the foregoing. (*See* Brief, *supra* at 13–17).

### 1. The Arbitration Clause is Unconscionable.

Even if the Appellant can prove that the generic privacy policy contract was sent to and agreed to by Ms. Bazemore, the arbitration clause at issue is unconscionable. Under Georgia law, the unconscionability determination depends on a variety of factors, which have been divided into procedural and substantive elements. *NEC Techs. v. Nelson,* 267 Ga. 390, 390–391 (1996). "Procedural unconscionability addresses the process of making the contract, while substantive unconscionability looks to the contractual terms themselves. *Id.* The arbitration clause at issue here is both procedurally and substantively unconscionable.

### a. The Conduct Surrounding the Arbitration Provision is Procedurally Unconscionable.

Factors relevant to the procedural unconscionability inquiry include "the conspicuousness and comprehensibility" of the clause at issue, "the oppressiveness of the terms, and the presence or absence of a meaningful choice." *Id.* Based on these factors, the arbitration clause is procedurally unconscionable.

According to the Appellant, the arbitration clause was not submitted to or

agreed to by Ms. Bazemore when she purportedly signed up for the account online. Instead, the arbitration provision is purportedly contained somewhere in the cardholder's Welcome Kit, buried at the end of a document titled "Privacy Policy" in tiny print where no one can be expected to read it. (*See* Civil Action No. 3:14-cv-00115, Doc. No. 17-1 at 7–10). Furthermore, the arbitration provision is not included on or referenced in the monthly credit card statements. It is less than inconspicuous and, to the least-sophisticated consumer, incomprehensible. The clause is oppressive because it purports to apply to the cardholder without ever being shown to her or signed by her. Furthermore, she would not even have the opportunity to review it until she has already signed up for the agreement and been charged $150, which is half of her credit limit with no meaningful opportunity to back out. Lastly, there is no meaningful choice with respect to the arbitration clause. There is no opportunity to opt-out or otherwise object to the clause.

b. <u>The Arbitration Provision is Substantively Unconscionable.</u>

Factors relevant to the substantively unconscionable inquiry include "the commercial reasonableness" of the clause at issue, the "purpose and effect of the terms, the allocation of the risks between the parties, and similar public policy concerns." *NEC Techs.,* 267 Ga. at 392. Based on these factors, the arbitration clause is substantively unconscionable. *Id.*

First, the arbitration clause is commercially unreasonable and raises serious

24

public policy concerns because it purports to live forever.  A consumer should not be forced to arbitration over a debt that is over six years old and stale under the statute of limitations.  If the contract is stale and Jefferson Capital's claim against Ms. Bazemore is time-barred, the arbitration provision should not survive for eternity.

Second, the arbitration clause was purposefully designed to use an unfair forum—the National Arbitration Forum (the "NAF")—which was subsequently disbanded because of its conflict of interest with the credit card industry.  In July 2009, Minnesota's Attorney General commenced an action against NAF alleging that it was biased and had violated several Minnesota laws while handling consumer arbitration claims.  *Meskill v. GGNSC Stillwater Greeley LLC*, 862 F. Supp. 2d 966, 968-969 (D. Minn. 2012).  In response to that action, the NAF entered into a consent decree and agreed to stop handling such claims.  The credit card agreement here was designed to employ the NAF in what would be an unfair venue for resolution of a bogus credit card designed only to collect outrageous fees from the cardholders.

Third, the arbitration clause purports to bar a class action, which is a procedure specifically permitted under the FDCPA. 15 U.S.C. § 1692k.   Fourth, the arbitration clause attempts to change the fee shifting provisions of the FDCPA. 15 U.S.C. § 1692k.  The enforcement of the arbitration provision would thus defeat

25

the purpose of the FDCPA and effectively prevent cases such as this one from vindicating the rights of the consumers who are being abused at the hand of the Appellant.    Fifth, the entire credit arrangement at issue was entirely unconscionable as shown in pages 2–5 of this Brief, *supra*.

### 2.    Appellant's Gateway Claims of Arbitrability are Moot.

Even if this Court determines that the gateway issues of arbitrability should be decided by the arbitrator, those issues are moot as they have already been determined by the District Court.  In his Order, Judge Bowen held that Bazemore's FDCPA claims "might seem to fall within the delegation clause."  (*See* Order Denying Motion to Compel Arbitration, R. 374).  But, Judge Bowen ultimately held that Appellant's claim as to the arbitrability of the Appellee's FDCPA claims should not be subject to arbitration.  (*See* Order Denying Motion to Compel Arbitration, R. 374–379).  Judge Bowen has already ruled against the Appellant, and allowing the Appellant to tender the issue of arbitrability to an arbitrator at this point unnecessarily provides Jefferson Capital with another bite at the proverbial apple after the issue has already been decided.  Any contrary ruling by an arbitrator would thus be contrary to law.

The purpose of arbitration is "to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that would be speedier and less costly than litigation."  *Booth v. Hume Publishing, Inc*., 902 F.2d

925, 932 (11th Cir. 1990). The parties to this suit will have to commit extra time, money, and resources for an arbitrator to make the same determination that a district court judge has already decided. Indubitably, the arbitrator will give great weight to the judgment of a United States District Court—meaning a high likelihood that the arbitrator's decision will be the same. Submitting this case to an arbitrator to determine the gateway issues that have already been decided by a district court judge in this case, therefore, calls for duplicative and unnecessary efforts in the judicial system.

Under the FAA, a district court may enter an order vacating an arbitration award upon the application of any party to the arbitration. *See* 9 U.S.C. §§ 10(a), 11. In the event that one party to the arbitration is not satisfied with the determination of arbitrability in this case by an arbitrator, then that party could petition to vacate the judgment under 9 U.S.C. §§ 10(a) and 11. The matter would be decided by the United States District Court for the Southern District of Georgia—and likely Judge Bowen—which has already issued an order deciding that the dispute is not subject to arbitration. Thus, it is unnecessary and impractical for this Court to require the submission of the issue of arbitrability to an arbitrator when it has been decided upon already by the district court.

## III.    CONCLUSION

For the foregoing reasons, this Court should affirm the District Court's

denial of Defendant's Motion to Compel Arbitration and Stay Proceedings because Appellant's claims as to arbitrability are "wholly groundless" under the *Qualcomm* test. In the alternative, this Court should affirm the District Court's denial of Defendant's Motion to Compel Arbitration and Stay Proceedings under the "right for any reason" doctrine.

Respectfully submitted this 29th day of September, 2015.

/s/ Christopher A. Cosper
Christopher A. Cosper
Georgia Bar No. 142020
David E. Hudson
Georgia Bar No. 374450
George G. Robertson
Georgia Bar No. 137995
*Attorneys for Plaintiff/Appellee*
*Christina Bazemore*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, the undersigned counsel for Plaintiff/Appellee Christina Bazemore, hereby certifies that this principal brief complies with the type-volume limitation of Rule 32(a)(7)(B)(i) in that it contains 6531 words excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii) and 11th Cir. Rule 32-4.


<u>/s/ Christopher A. Cosper</u>
Christopher A. Cosper
*Attorney for Plaintiff/Appellee*
*Christina Bazemore*

00882337-3

## **CERTIFICATE OF SERVICE**

This is to certify that on September 29, 2015, in accordance with Federal

Rule of Appellate Procedure 25, a copy of this brief was filed with the Clerk of

Court using the CM/ECF system, which is being served this day on the following

individuals via transmission of Electronic Filing generated by CM/ECF and by

depositing a copies in the U.S. Mail:

**Douglas J. Mincher, Clerk of Court**
U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
56 Forsyth St., N.W.
Atlanta, Georgia 30303

**Bryan C. Shartle, esq.**
SESSIONS, FISHMAN, NATHAN, & ISRAEL, LLC
3850 N. Causeway Blvd., Suite 200
Metarie, Louisiana 70002-7227

/s/ Christopher A. Cosper
Christopher A. Cosper
*Attorney for Plaintiff/Appellee*
*Christina Bazemore*

00882337-3